## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DUANE G. LEGLEITER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RUSH COUNTY, KANSAS BOARD OF )<br>COMMISSIONERS )<br>)<br>Defendants. )<br>) | Case No.: 22-2137-JWB-GEB |

### <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on Defendant Rush County, Kansas, Board of Commissioners' Motion for Determination of Place of Trial, ("Motion") (**ECF No. 16**). After review of the Motion and corresponding Memorandum, Plaintiff's Memorandum in Opposition, and Defendant's Reply, the Court is prepared to rule. For the reasons stated below, Defendant's Motion **(ECF No. 16)** is **DENIED,** without prejudice as premature.

### I.    Background[1]

This case was brought by Duane G. Legleiter on April 14, 2022, against his former employer pursuant to: 1) 42 U.SC. § 2000e, asserting gender discrimination during his employment; 2) 29 U.S.C. § 621, claiming violations of the Age Discrimination in Employment Act; 3) 42 U.S.C. § 12101, alleging violations of the Americans with

---

[1] Unless otherwise indicated, the information in this section is taken from the First Amended Complaint (ECF No. 21), Answer (ECF No. 24) and the briefs regarding place of trial, (ECF Nos. 17, 22, 25). This background information should not be construed as judicial findings or factual determinations.

Disabilities Act; and 4) 29 U.S.C. § 2601, for alleged violations of the Family and Medical Leave Act.

Plaintiff was employed by Defendant for approximately 37 years and avers during his years of employment, he met all expectations and received raises and positive reviews for his work performance. Plaintiff alleges he had foot and leg amputation surgery in September 2020 yet continued to have the ability to perform the demands of his job upon his return.  However, he argues, subsequent to the surgery, he began to experience a hostile work environment and pattern and practice of discrimination based upon his disability, age and gender. In May 2021, Plaintiff was fired by Defendant, which Plaintiff alleges was based upon false pretense.

Defendant generally denies all allegations of Plaintiff.  Further arguing it acted, at all times, based upon legitimate, non-discriminatory and non-retaliatory reasons. Defendant also denies Plaintiff suffered the damages claimed, never requested a reasonable accommodation that was not provided, and failed to mitigate any damages.

## II.     Defendant's Motion to Designate Wichita, Kansas as Location of Trial (ECF No. 16)

Plaintiff, in his First Amended Complaint, designated Kansas City, Kansas as the place of trial. (ECF No. 21). In its Answer, Defendant counter-designated Wichita, Kansas as place of trial (ECF No. 24). The parties exchanged Fed. R. Civ. P. 26 disclosures in early

July 2022.  Based upon those disclosures, and without duplicating witnesses identified by

both parties, the residences of non-party witnesses are as follows:[2]

| LaCrosse | Lawrence | Kansas City | Hays | McCracken | Rush Center | Plainville | Otis/Bison | Texas |
|---|---|---|---|---|---|---|---|---|
| 7 | 1 | 10 | 6 | 2 | 3 | 1 | 2 | 1 |

The Court finds the following one-way distances from each witness' city to both trial

locations:[3]

| | Wichita | Kansas City |
|---|---|---|
| LaCrosse | 150 miles | 275 miles |
| Lawrence | 162 miles | 38 miles |
| Kansas City | 195 miles | N/A |
| Hays | 183 miles | 265 miles |
| McCracken | 175 miles | 292 miles |
| Rush Center | 146 miles | 280 miles |
| Plainville | 198 miles | 280 miles |
| Otis/Bison[4] | 144 miles | 270 miles |
| Central Texas | 470 miles | 662 miles |

---

[2] Those witnesses identified by Defendant in its Fed. R. Civ. P. 26 disclosures as management level employees who can only be contacted through Defendant's counsel are considered party witnesses by the Court for purposes of this analysis, as they are likely expected to participate at trial as part of their employment duties.

[3] The Court utilized Google Maps to calculate distance from each city to the federal courthouses in both Wichita and Kansas City, Kansas.

[4] Otis and Bison are less than 10 miles from each other, so the mileage from both was considered together.

On July 13, 2022, the Court entered a Scheduling Order, and discovery is just underway. On August 8, 2022, Defendant filed its Motion for Determination of Place of Trial. (ECF No. 16).

Defendant contends the only connections to Kansas City in this case are the location of several medical witnesses and the location of Plaintiff's counsel.[5]  Further arguing trial should be in Wichita based upon: 1) Plaintiff's choice of forum should be given little weight because the facts giving rise to this lawsuit took place in Rush County, Kansas, which is much closer to Wichita than Kansas City; 2) the majority of the witnesses reside closer to Wichita than Kansas City; 3) a fair trial can be had in Wichita; and 4) the considerable cost to the witnesses in the form of hotel, mileage, meals and potential missed days from work for travel to Kansas City.[6]

Plaintiff contends the balance of all the factors weighs in favor of trial in Kansas City.  Plaintiff's basis for its argument is that none of the witnesses actually reside in Wichita, only some of the witnesses reside closer to Wichita than Kansas City, many non-party witnesses either work or live in Kansas City, and Plaintiff and his wife (also identified as a witness) have a family member in Kansas City who they will stay with for the duration of trial. Finally, Plaintiff argues Defendant has not met its burden to move trial from Kansas City to Wichita.

---

[5] ECF No. 17.
[6] *Id*.

A.      **Legal Standard**

The parties are required to designate a place of trial in their pleadings, however, D. Kan. Rule 40.2(e) makes clear the Court is not bound by the parties' requests regarding place of trial and may determine the place of trial upon motion by any party.[7]   The district court has broad discretion to decide the location of trial "based on a case-by-case review of convenience and fairness."[8]   When considering an intra-district transfer, "the courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)."[9]  Section 1404(a) provides in relevant part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[10]

The parties correctly identify the factors the Court is to evaluate when determining the place of trial.  Those factors are: (1) Plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.[11]

---

[7] *Lopez-Aguirre v. Bd. of Cty. Comm'rs of Shawnee Cty., KS*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014) (citing D. Kan. Rule 40.2).

[8] *Id*. (citing *Twigg v. Hawker Beechcraft Corp.,* 2009 WL 1044942, at * 1–2 (D. Kan. Apr. 20, 2009) (noting the "courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)").

[9] *Twigg* at *1.

[10] 28 U.S.C. § 1404(a).

[11] *Bright v. BHCMC, LLC,* No. 17-2529-JWL-GEB, 2018 WL 398450, at *2 (D. Kan. Jan. 12, 2018) (discussing D. Kan. Rule 40.2(e) and factors relevant to a 28 U.S.C. § 1404(a) motion for change of venue) (citing *Lopez-Aguirre*, 2014 WL 853748, at *1; *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007)).

"It is the moving party's burden to show that the designated forum is inconvenient."[12] "Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed."[13] However, when "the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[14]

## B.    Discussion

The Court considers all relevant factors in its analysis of Defendant's Motion.

### 1.    Plaintiff's Choice of Forum

Plaintiff does not reside in Kansas City, but designated Kansas City as the location of trial.[15] A plaintiff's chosen trial setting should be respected and is generally not disturbed.[16] Although he does not reside in Kansas City, Plaintiff does not reside in any city with a federal courthouse.[17] Still, Plaintiff's designation is given less weight if plaintiff resides outside the forum of choice and "little weight" where the "facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen

---

[12] *Agustonelli*, 2004 WL 825300, at *8 (citing *Wiggans v. Hartford Life & Accident Ins. Co.,* No. 02–2080–JWL, 2002 WL 731701, at *2 (D. Kan. April 15, 2002)).

[13] *Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir.1992).

[14] *Bright*, 2018 WL 398450, at *2 (citing *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007) (quoting *Spires v. Hosp. Corp. of Am.*, No. 06–2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006))).  *See also Lopez-Aguirre*, 2014 WL 853748 at *1-2 (citing *Twigg*, 2009 WL 1044942, at * 1–2) (noting "because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.")

[15] ECF No. 21.

[16] *See Roberts v. Sedgwick County Sheriff's Dep't,* No. 02–2337–JWL, 2004 WL 726822, at*1 (D. Kan. April 2, 2004) (citing *Wiggans,* 2002 WL 731701, at *1 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265–66 (1981)).

[17] ECF No. 21.

forum."[18] The facts giving rise to this lawsuit almost exclusively took place in Rush County, Kansas. As such, the Court affords Plaintiff's trial location "little weight."[19]

Although Plaintiff chose trial in a city farther away from his residence, with little connection to the facts giving rise to his case, he argues Kansas City is more convenient and less expensive for him than Wichita because he has family he can stay with during the duration of trial in Kansas City.[20] Trial in Wichita would require Plaintiff pay for a hotel room the five days designated for trial. While the Court appreciates Plaintiff's reasoning, this argument does not convince the Court any additional weight should be given to Plaintiff's trial designation.

### 2.     Convenience for Witnesses, Accessibility of Witnesses and Other Sources of Proof

The court considers the relative convenience of the forum a "primary, if not the most important, factor to consider."[21] As the party seeking to move the location of trial, Defendant "must establish that the proposed forum [Kansas City], is 'substantially inconvenient,' meaning that 'all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden.'"[22] This requires Defendant to adequately demonstrate more than a showing that Wichita is "marginally more

---

[18] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1168 (10th Cir. 2010), (citing *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D.Kan.1993)).
[19] *Id.*
[20] ECF No. 22.
[21] *LeTourneau, v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 164602, at *2 (D. Kan. Apr. 14, 2015)).
[22] *Id.*

convenient."[23] To meet this burden, Defendant must "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[24]

Defendant argues the location of witnesses identified in the parties' Fed. R. Civ. P. 26 disclosures demand trial be moved to Wichita, first arguing 25 of the 28 fact witnesses reside closer to Wichita. Defendant further asserts that, of Plaintiff's four damage witnesses, two reside closer to Wichita than Kansas City.  Defendant then speculates that the 15 physicians identified by Plaintiff would not all be necessary for trial, that they will be designated and called as expert witnesses, are duplicative, or could testify through deposition testimony. The quality and materiality of the witness' testimony are important factors for the Court to consider in its analysis.[25]  However, the vast majority of the non-party witnesses have not been deposed.  At this early stage it is pure conjecture as to which fact witnesses are truly material and offer quality testimony to establish the claims and defenses alleged by the parties.  Likewise, without having deposed many of the fact witnesses, at this juncture, neither party can speak to which witnesses' testimony can be presented via transcript or video. Due to the early stage of this litigation and the current

---

[23] *LeTourneau* at *3, (quoting *Hughes v. Blue Cross Blue Shield of Kan., Inc*., No. 12-2339 JTM, 2012 WL 3644845, at *2 (D. Kan. Aug. 24, 2012) (citing *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *2 (D. Kan. Aug. 22, 2007)).
[24] *Id.* (quoting *McDermed v. Marian Clinic, Inc, et al.*, 2014 WL 6819407, at *2 (internal quotation marks and other citations omitted)).
[25] *Id.*

Case 2:22-cv-02137-JWB-GEB   Document 35   Filed 09/26/22   Page 9 of 13

status of discovery, this information is not available, so this factor weighs against transfer to Wichita.

The Court agrees that many of the potential non-party fact witnesses reside in locations closer to Wichita - there are 11 witnesses closer to Kansas City and 22 nearer to Wichita. However, this case is still in its infancy and discovery is only just underway, which is why Defendant is forced to speculate about the need for the testimony of the treating physicians in this case. At this early stage, before any of the medical professionals have been deposed, it is impossible to know who or how many will be necessary for trial. Furthermore, the parties have taken six depositions thus far:  Plaintiff and five management-level employees of Defendant. None of the non-party fact witnesses have been deposed, so it is unknown to the parties, and thus, this Court, how many of those witnesses will be necessary at trial and where they reside. As such, this factor weighs against a transfer to Wichita at this time.

The Court also considers the accessibility of the witnesses and whether the Court can compel attendance at trial, if necessary. The Court has subpoena power over witnesses who reside or work within 100 miles of the trial location or witnesses residing in Kansas if the person is a party's officer or can attend trial without incurring substantial expense.[26] All of the non-party witnesses fall outside the subpoena power of the Court if trial is held in Wichita.  However, if trial is held in Kansas City, 11 of the non-party witnesses are subject to the Court's subpoena power.  The parties do not indicate which witnesses will

---

[26] Fed. R. Civ. P. 45(c)(1).

have to be compelled to appear.  Again, at this early stage, the parties may not have that information to give the Court.  However, the Court must give weight to this issue and, at this time, with the information presented, it weighs against transfer to Wichita.

The only other sources of proof referenced by the parties are Plaintiff's medical records.  Presumably, Plaintiff's personnel records will also be an issue.  In any event, those sources can be presented in Kansas City as easily as in Wichita.  There is no argument, despite the location of the alleged discrimination happening in Rush County, that there are any sources of proof in Rush County that cannot be presented in either trial location. The Court agrees, "in this age of electronic medical recordkeeping, the 'location' of records holds little importance in determining convenience."[27]  The Court applies the same reasoning to personnel records.

While Defendant cites *Barge v. O'Malley* as persuasive on the issue of transfer, the Court disagrees.[28] *Barge* involved a personal injury case suffered by plaintiff at defendant's location in Manhattan (Riley County,) Kansas.[29] Plaintiff designated Kansas City as the location of trial, and defendant moved seeking a transfer of trial to Topeka.[30]  In granting the motion to change the trial location, the court found:  1) plaintiff did not live in her chosen forum; 2) of the 33 potential fact witnesses only one resided in Kansas City; 3) at least 15 of the witnesses resided in Riley and Geary Counties, west of Topeka; 4) the court in Topeka had subpoena power, but if trial were in Kansas City, many of the witnesses fell

---

[27] *Escalante v. Williams,* No. 17-CV-2035-HLT-KGG, 2018 WL 4341258 at *2 (D.Kan. September 11, 2018).
[28] No. 20-2035-DDC-GEB, 2020 WL 7186146 (D.Kan. December 7, 2020).
[29] *Id.* at *1.
[30] *Id.*

outside the court's subpoena power; and 5) the possibility of the jurors traveling to view the location in Manhattan where plaintiff was injured.[31] The underlying facts in *Barge* are substantially different than the facts presented in this case, (where multiple witnesses reside in Kansas City, the Wichita court does not have subpoena power, and there is no request for jurors to travel to the site of Plaintiff's injury,) and easily distinguished.

The Court is also directed to consider the convenience of the parties with regard to a transfer of the trial location.[32] Presumably, both Plaintiff and the Rush County Commissioners will all be witnesses at trial. Plaintiff alleges Kansas City is more convenient to him, as he has family in Kansas City, which will negate the need to travel back and forth for trial every day or incur hotel expenses.  Conversely, the Rush County Commissioners all reside in Rush County, Kansas, and will likely incur lodging expenses at either location if they are at trial for the duration.  Convenience to the parties weighs in favor of Plaintiff because the Rush County Commissioners will be forced to travel regardless of the trial location.

### 3.       Possibility of Obtaining a Fair Trial

Neither party asserts any argument regarding the inability to have a fair trial in either location.  The Court agrees the parties would be afforded a fair trial whether held in Wichita or Kansas City, making this factor neutral.

---

[31] No. 20-2035-DDC-GEB, 2020 WL 7186146 (D.Kan. December 7, 2020).
[32] 28 U.S.C. § 1404(a).

### 4.    Other Practical Considerations

The final factor the Court evaluates includes "all other practical considerations that make a trial easy, expeditious, and economical."[33] When weighing these practical considerations, the Court often considers "costs in the form of mileage, meals, and hotel expenses."[34] The Court reiterates this case is in the early stages of discovery, so it is not yet known which witnesses, from which locations, will be called as witnesses.  Further, there is no way to ascertain what testimony will be presented in the form of deposition transcript or video.  As previously set forth, there are 11 non-party witnesses closer to Kansas City and 22 closer to Wichita. Right now, the Court cannot say 'all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden' because neither the parties nor the Court know, with any degree of certainty, who will be called to testify in-person at trial.

Plaintiff's counsel is in Kansas City, and Defendant's counsel is in Wichita. The court may consider the location and convenience of counsel, but this consideration is given "little if any weight."[35] This Court finds location of counsel is less important to the analysis, as have many other courts in this District.[36]  The Court views this factor as neutral.

---

[33] *Bright v. BHCMC, LLC.,* No. 17-2529-JWL-GEB, 2018 WL 398450, at *4 (D.Kan. Jan 12, 2018) (citing *Lopez-Aguirre v. Bd. of Cnty. Comm'rs of Shawnee Cnty., KS*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014)).

[34] *Bright* at *4 (citing *Callahan v. Bledsoe,* No. 16-2310-JAR, 2017 WL 1303269, at *5 (D. Kan. Apr. 6, 2017)

[35] *Bright* at *4 (citing *McIntosh v. City of Wichita, KS*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *3 (D. Kan. Apr. 14, 2015)).

[36] *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, No. 15-4927-DDC-KGS, 2019 WL 121118, at *3 (D. Kan. Jan. 7, 2019) ("our court usually gives the convenience of counsel 'little if any weight'") (quoting *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *2 (D. Kan. Apr. 18, 2007); also citing *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR,

III.     **Conclusion**

The burden lies with Defendant to convince the Court Kansas City is substantially inconvenient and for the location of trial to be moved. As set forth above, neither Plaintiff resides in Kansas City nor do the facts giving rise to this case have a connection to Kansas City, so the Court gives very little weight to Plaintiff's choice of forum in this case. However, this case is still in the early stages of discovery.  While it is conceivable that all or the vast majority of witnesses will be located in Rush County or other locations closer to Wichita, it is simply speculation at this juncture. Based on the above, the Court does not find the balance weighs in favor of transfer.  Therefore, the Court **DENIES** Defendant's motion for Wichita, Kansas to be the designated place of trial, without prejudice to reasserting the motion at a later time when the facts of the case are more fully developed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Designate Wichita as the Place of Trial **(ECF No. 16)** is DENIED without prejudice as premature.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 26th day of September 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

2007 WL 1173053, at *2 (D.  Kan.  Apr. 19, 2007); but comparing *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1248 (D. Kan. 2012) ("[T]he fact that counsel both for [defendant] and for plaintiffs have their offices in the Kansas City area, [which is plaintiffs' choice of forum,] weighs against the requested transfer" to Topeka).